# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MONIQUE GILLMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0123-CV-W-FJG |
| ) | |
| J. JILL, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Remand (Doc.# 8).

## I. BACKGROUND

The present suit was removed to this Court from the Circuit Court of Jackson County, Missouri, on December 22, 2005. Defendant removed the case on the basis of 28 U.S.C. § 1332 and § 1441, as it alleged the dispute is between citizens of different states and involves an amount in controversy in excess of $75,000. Plaintiff argues that the case should be remanded because defendant has not met its burden to show that the amount in controversy has been met. In her petition plaintiff asserts claims for racial discrimination and retaliation under the Missouri Human Rights Act.

## II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives,

Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The instant case was removed by defendant pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiff asserts that defendant has not demonstrated the requisite amount in controversy. Plaintiff states that on January 26, 2006 counsel conferred and at that time she would not agree to a specific amount in controversy. On February 8, 2006, plaintiff sent a demand letter, stating that she would settle the matter for $ 74,999.00. On February 9, 2006, defendant filed the Notice of Removal. In opposition to plaintiff's Motion to Remand, defendant argues that the amount in controversy exceeds $75,000 because plaintiff is seeking damages including loss of income, emotional damages for embarrassment, humiliation, emotional distress, damage to her reputation, diminution in earnings capacity and other damages as yet undetermined. Additionally, plaintiff is seeking punitive damages and attorneys' fees. Defendant also states that plaintiff initially refused to stipulate that her damages were below $75,000.00. In her Reply Suggestions, plaintiff states that even though she initially refused to stipulate that her

2

damages were less than $75,000, she has since sent a demand letter stating that she is willing to settle for less than $75,000.00 now. Additionally, she states that she expressly accepts defendant's previous invitation and now stipulates to damages of less than $74,999. However, plaintiff did not attach a signed Stipulation to her Reply Suggestions, nor has filed any separate Stipulation so limiting her damages.

To meet its burden of proof to establish that removal is proper, defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). The evidence may include plaintiff's representations, "including settlement offers by plaintiff *exceeding* the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D.Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)). In Neighbors, the Court noted:

> [t]he basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed; therefore, post-removal stipulations and amendments do not generally defeat federal jurisdiction if the amount-in-controversy was satisfied at the time the complaint was filed. . . . However, post-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading.

Id. at *3 (internal citations omitted). See also Walters v. Amer. Family Mut. Insur. Co., No. 05-865-CV-W-FJG, 2006 WL 461073 (W.D.Mo. Feb. 24, 2006). In Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943 (D.Minn.1999), the Court considered whether a stipulation by the plaintiff necessitated remand. The Court found that a "post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were

3

alleged at the time of removal." Id. at 949. The Court in that instance found that plaintiff was not attempting to reduce the original amount of damages that she sought, but was clarifying the amount of damages beyond what was allowed by Minnesota's pleading statute.

In the instant case, the Court finds that when plaintiff's petition was filed and when the case was removed, the amount in controversy requirement was met. Plaintiff's case was filed on December 22, 2005 and on January 26, 2006, plaintiff refused to limit her damages. It is only now, after removal, that plaintiff states that she will stipulate that her damages are less than $75,000.00. This is in direct contradiction to her previous position. Thus, the Court finds that plaintiff is not attempting to clarify the damages she is seeking, but is instead attempting to impermissibly reduce the amount of her damages in order to escape federal jurisdiction.

## IV. CONCLUSION

Accordingly, the Court finds that defendant has met its burden of establishing that the amount in controversy requirement was met at the time of removal. For the above stated reasons, Plaintiff's Motion for Remand is hereby **DENIED** (Doc. # 8).

Date: August 4, 2006　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge